Veronica L. OMOYOSI, Plaintiff–
Appellant,

v.

THE OHIO DEPARTMENT
OF MENTAL HEALTH,
Defendant–Appellee.

No. 02–3078.

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2003.

Veronica L. Omoyosi, Pro se, Cincinnati, OH, for Plaintiff–Appellant.

Anne E. Thomson, Columbus, OH, for Defendant–Appellee.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

## OPINION

GILMAN, Circuit Judge.

Veronica Omoyosi, an American citizen of Nigerian descent, was hired in 1995 by the Ohio Department of Mental Health to work in the Pauline Warfield Lewis Center (the hospital) as its Chief Financial Officer (CFO). In the approximately two years that Omoyosi worked at the hospital, her work deficiencies caused concern among her supervisors. After receiving a written reprimand for not following departmental procedure, Omoyosi resigned.

She subsequently filed suit, alleging, among other things, that she was forced to resign because of national-origin discrimination. Her national-origin-discrimination claim was tried to a jury, which rendered a verdict for the hospital. Omoyosi then filed a motion for judgment as a matter of law, or, in the alternative, for a new trial. When the district court denied the motion. Omoyosi appealed. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I. BACKGROUND

Omoyosi, as the hospital's CFO, was responsible for managing the overall finances of the hospital. She resigned in December of 1997. Omoyosi subsequently sued her supervisor and the Ohio Department of Public Health, alleging race, gender, and national-origin discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). After the district court granted in part and denied in part the defendants' motions for summary judgment, and after certain of her claims were dismissed with prejudice, a jury trial commenced as to Omoyosi's sole remaining claim of national-origin discrimination against the hospital.

The hospital called numerous witnesses. One was Sandra Van Pelt, the hospital's former Chief Executive Officer (CEO). Van Pelt testified that she had worked closely with Omoyosi and had come to believe that Omoyosi did not understand basic fiscal concepts. As a result, Van Pelt appointed Alice Gray, then the Director of Support Services, to be Omoyosi's supervisor. Gray eventually replaced Van Pelt as the hospital's CEO, in which capacity Gray continued to supervise Omoyosi.

Over time, Gray testified that she too became concerned that Omoyosi was not providing accurate or timely fiscal information. Accordingly, Gray issued a written reprimand to Omoyosi for violating departmental procedure.

Dr. Dan Wilson, a former Chief Clinical Officer of the hospital and a former member of the hospital's Executive Committee, testified that he also noted deficiencies in Omoyosi's work performance. Specifically, he recalled that the Executive Committee had difficulty obtaining fiscal information from Omoyosi. He further stated that Omoyosi's deficient performance played a role in the loss of $900,000 from the hospital's operating budget due to the reversion of unspent funds to the state. Pete Steele, the former CEO of Millcreek State Operated Services, was another witness who worked with Omoyosi and expressed similar opinions about her deficiencies as the CFO of the hospital.

The jury found in favor of the hospital in June of 2001. Omoyosi filed a motion for judgment as a matter of law or, in the alternative, for a new trial. This timely appeal followed the district court's denial of Omoyosi's motion.

## II. ANALYSIS

### A. Omoyosi's motion

"This court reviews the denial of a motion for judgment as a matter of law de novo, and the denial of a motion for new trial for an abuse of discretion. Like the district court, we must affirm the jury's verdict unless this Court is left with the definite and firm conviction that a mistake resulting in plain injustice has been committed, or ... [that] the verdict is contrary to all reason." *McCurdy v. Montgomery County, Ohio,* 240 F.3d 512, 517 (6th Cir. 2001) (internal citations and quotation marks omitted). "Judgment as a matter of law is appropriate only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party." *Id.* (internal quotation marks omitted). "In determining whether to grant a new trial when the claim is that the verdict is against the weight of the evidence, a district court must compare and weigh the opposing evidence and it must set aside the verdict if it determines that the verdict is against the clear weight of the evidence." *Clay v. Ford Motor, Co.,* 215 F.3d 663, 672 (6th Cir.2000). When this court reviews "a trial court's denial of a new trial motion on the ground that the verdict is against the clear weight of the evidence,

we accept the jury's verdict if it was reasonably reached." *Id.*

Omoyosi claims that Gray engaged in national-origin discrimination by chasing after her car one day as Omoyosi exited the hospital's employee parking lot, yelling at her, denying her necessary training, and assigning her difficult tasks with inadequate time to complete them. She also points out that she was the only Nigerian employee whom Gray supervised.

Omoyosi, however, fails to account for the fact that many of the hospital's witnesses testified about her general and specific work-performance deficiencies. In light of the testimony of Van Pelt, Gray, Wilson, and Steele, we cannot say that the verdict was against the clear weight of the evidence. A reasonable juror could easily have found in favor of the hospital. Accordingly, the district court did not err in denying Omoyosi's motion for judgment as a matter of law or, in the alternative, for a new trial.

B. Sanctions

Omoyosi also argues that the panel should impose sanctions against the hospital, pursuant to Rule 11 of the Federal Rules of Civil Procedure, because two of its witnesses committed perjury. Rule 11 authorizes the imposition of sanctions where an attorney or an unrepresented party makes a representation to the court that does not have "evidentiary support."

Omoyosi alleges that Wilson and Gray committed perjury when they testified that the hospital lost $900,000 from its budget due to Omoyosi's incompetence. But Omoyosi failed to present any evidence to support her allegation that these witnesses perjured themselves. We therefore find that her sanctions argument has no merit.

## III. CONCLUSION

For all of the reasons set forth above, we AFFIRM the judgment of the district court.